■ In the Matter of JANET GRACE. MICHAEL P. GRACE, II, Appellant-Respondent; JOSEPH P. GRACE, JR., Respondent-Appellant.— In a proceeding by the surviving trustee of an express trust to settle a supplemental account, pursuant to article 77 of the CPLR, Michael P. Grace, II, a beneficiary of the trust, and Joseph Peter Grace, Jr., the surviving trustee, appeal as follows from portions of an order of the Supreme Court, Nassau County, entered November 18, 1965: Michael P. Grace, II, appeals from so much of the order

as: (1) overruled an objection to jurisdiction of his person, (2) allowed the presentation of the supplemental account and (3) adjourned the proceeding so as to (a) afford Michael P. Grace, II, additional time to serve objections to the account and (b) permit the surviving trustee to move for a consolidation or joint trial of this proceeding with a pending abandoned property proceeding. Joseph Peter Grace, Jr., cross appeals from so much of the order as adjudged that he had waived his right to a determination, in this proceeding, of an issue as to certain legal fees and expenses which had been incurred by him. Order, insofar as appealed from by Michael P. Grace, II, affirmed, without costs. Order, insofar as appealed from by Joseph Peter Grace, Jr., modified by striking out the provision adjudging that he had committed a waiver and by directing that the issue as to legal fees and expenses be determined in this proceeding. As so modified, order insofar as appealed from, affirmed, with $10 costs and disbursements to Joseph Peter Grace, Jr., as trustee, payable by Michael P. Grace, Michael P. Grace, II's time to serve objections to the account is extended until 20 days after entry of the order hereon. Joseph Peter Grace, Jr., is granted leave to move, within 10 days after service of said objections, to place this proceeding on the Special Term, Part 1, calendar of the court below for a day certain and simultaneously to move for consolidation or a joint trial of this proceeding with the abandoned property proceeding (Index No. 6688/1965). The surviving trustee, Joseph Peter Grace, Jr., was held at Special Term to have waived his right to a determination, in this accounting proceeding, of the issue as to the legal fee and expenses, on the ground that he had intervened for relief with respect to that issue in the abandoned property proceeding which had been commenced by Michael P. Grace, II. Although the fees and expenses sought in both proceedings overlap in part, the trustee has proceeded against two different funds; and this procedure to protect his interest cannot be construed as a waiver for the following additional reasons: (1) more is sought in the accounting proceeding (which deals with a fund in the surviving trustee's possession) than was sought in the abandoned property proceeding (which is with respect to a fund in the possession of the State Comptroller; (2) a longer period of time is involved in the accounting proceeding; and (3) the accounting proceeding is the more appropriate and expeditious vehicle for finally concluding and determining this matter. The learned Special Term Justice correctly observed that the interests of justice would best be served by a consolidation or joint trial of this supplemental accounting proceeding and the abandoned property proceeding. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.